IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT GREENBELT

IN RE: ROY G. JOSEPH             *

                                 *    Case No 16-21015
                                      Chapter 13
                                 *

       Debtor                    *

## CHAPTER 13 PLAN

☐ **Original Plan**    ☒ **Amended Plan**    ☐ **Modified Plan**

The Debtor proposes the following Chapter 13 plan and makes the following declarations:

1. The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and Debtor will pay as follows (select only one):

   a. $4500.00 per month for a term of 60 months. OR

   b. $_____ per month for _____ month(s),
      $_____ per month for _____ month(s),
      $_____ per month for _____ month(s), for a
      total term of _____ months. OR

   c. $_____ per month prior to confirmation of this plan, and $_____ per month after confirmation of this plan, for a total term of _____ months (if this option is selected, complete 2.e.i).

2. From the payments received, the Trustee will make the disbursements in the order described below:

   a. Allowed unsecured claims for domestic support obligations and trustee commissions.

   b. Administrative claims under 11 U.S.C. § 507(a)(2), including attorney's fee balance of $0.00 (unless allowed for a different amount by an order of the Court).

   c. Claims payable under 11 U.S.C. § 1326(b)(3). Specify the monthly payment: $225.00 per month for 60 months payable to trustee for a total of $13,500.00.

   d. Other priority claims defined by 11 U.S.C. § 507(a)(3)-(10). The Debtor anticipates the following priority claims: IRS (50,000.00), Comptroller (Unknown) Kimberly Joseph (Unknown)

   e. Concurrent with payments on non-administrative priority claims, the Trustee will pay secured creditors as follows:

**Local Bankruptcy Form M**

i. Until the plan is confirmed, adequate protection payments and/or personal property lease payments on the following claims will be paid directly by the Debtor; and, after confirmation of the plan, the claims will be treated as specified in 2.e.ii and 2.e.iii, below (designate the amount of the monthly payment to be made by the Debtor prior to confirmation, and provide the redacted account number (last 4 digits only), if any, used by the claimant to identify the claim):

| Claimant | Redacted Acct. No. | Monthly Payment |
|---|---|---|
| Rushmore | xxx-xx-0760 | 4225.00 |
| PNC Bank | xxx-xx-0760 | 988.00 |

ii. Pre-petition arrears on the following claims will be paid through equal monthly amounts under the plan while the Debtor maintains post-petition payments directly (designate the amount of anticipated arrears, and the amount of the monthly payment for arrears to be made under the plan):

| Claimant | Anticipated Arrears | Monthly Payment | No. of Mos. |
|---|---|---|---|
| | | | |

iii. The following secured claims will be paid in full, as allowed, at the designated interest rates through equal monthly amounts under the plan:

| Claimant | Amount | % Rate | Monthly Payment | No. of Mos.: |
|---|---|---|---|---|
| | | | | |

iv. The following secured claims will be satisfied through surrender of the collateral securing the claims (describe the collateral); any allowed claims for deficiencies will be paid pro rata with general unsecured creditors; upon confirmation of the plan, the automatic stay is lifted, if not modified earlier, as to the collateral of the listed creditors:

v. The following secured claims are not affected by this plan and will be paid outside of the plan directly by the Debtor:

vi. If any secured claim not described in the previous paragraphs is filed and not disallowed, that claim shall be paid or otherwise dealt with outside the plan directly by the Debtor, and it will not be discharged upon completion of the plan.

vii. In the event that the trustee is holding funds in excess of those needed to make the payments specified in the Plan for any month, the trustee may pay secured

        claims listed in paragraphs 2.e.ii and 2.e.iii in amounts larger than those specified in such paragraphs.

    f.    After payment of priority and secured claims, the balance of funds will be paid pro rata on allowed general, unsecured claims. (If there is more than one class of unsecured claims, describe each class.)

3.    The amount of each claim to be paid under the plan will be established by the creditor's proof of claim or superseding Court order. The Debtor anticipates filing the following motion(s) to value a claim or avoid a lien. (Indicate the asserted value of the secured claim for any motion to value collateral.):

4.    Payments made by the Chapter 13 trustee on account of arrearages on pre-petition secured claims may be applied only to the portion of the claim pertaining to pre-petition arrears, so that upon completion of all payments due under the Plan, the loan will be deemed current through the date of the filing of this case. For the purposes of the imposition of default interest and post-petition charges, the loan shall be deemed current as of the filing of this case.

5.    Secured Creditors holding claims subject to cramdown will retain their liens until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or discharge under § 1328; and if the case is dismissed or converted without completion of the plan, the lien shall also be retained by such holders to the extent recognized under applicable nonbankruptcy law.

6.    The following executory contracts and/or unexpired leases are assumed (or rejected, so indicate); any unexpired lease with respect to personal property that has not previously been assumed during the case, and is not assumed in the plan, is deemed rejected and the stay of §§ 362 and/or 1301 is automatically terminated:

7.    Title to the Debtor's property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. §1328, or upon dismissal of the case, or upon closing of the case.

8.    Non-standard Provisions:


12/21/2016                                          /s/ Roy Joseph
Date                                                     Debtor


Attorney for Debtor                              Joint Debtor

**Local Bankruptcy Form M**
**Page Three**

# CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of December, 2016, I mailed a copy of the Chapter 13 Plan to the following:

Advanced Bionics
6801 Westinghouse Place
Valencia, CA 91355

Amy Light DMD
9812 Falls Road #118
Potomac, MD 20854

Avenel Community Association
9300 Rapley Preserve Dr
Potomac, MD 20854

Bank of America
PO Box 982238
El Paso, TX 79998

Capital One
PO Box 30281
Salt Lake City, UT 84130

Chase Bank USA
PO Box 15298
Wilmington, DE 19850

Comptroller of Treasury
301 W. Preston Street RM 409
Baltimore, MD 21201

Donna Rismiller
51 Monroe Place
Rockville, MD 20850

Estate of George Joseph
Tessy Joseph
12642 Travilah Road
Potomac, MD 20854

Internal Revenue Service
Centralized Insolvency Operation
Post Office Box 7346
Philadelphia, PA 19101-7346

Kimberly Joseph
11420 Cedar Ridge Drive
Rockville, MD 20850

Kimberly Joseph
11420 Cedar Ridge Drive
Bethesda, MD 20817

Mark Barondess
Funk & Bolton PA
36 S. Charles Street
Baltimore, MD 21201

Michael Rowen
33 Wood Lane
Rockville, MD 20850

PNC Mortgage
3232 Newmark Drive
Miamisburg, OH 45342

Rushmore Loan Management Services
15480 Laguna Canyon Rd
Irvine, CA 92618

The Woods Academy
6801 Greentree Road
Bethesda, MD 20817

| | |
|---|---|
| 12/21/2016 | /s/ Roy Joseph |
| Date | Debtor |